Timkey v City of Lockport (2018 NY Slip Op 08792)





Timkey v City of Lockport


2018 NY Slip Op 08792


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1114 CA 18-00294

[*1]JOHN T. TIMKEY, PLAINTIFF-RESPONDENT,
v
CITY OF LOCKPORT, DEFENDANT-APPELLANT. 






WEBSTER SZANYI LLP, BUFFALO (RYAN G. SMITH OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRANDT, ROBERSON & BRANDT, P.C., LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from a judgment (denominated order) of the Supreme Court, Niagara County (Sara Sheldon, A.J.), entered July 7, 2017. The judgment granted the motion of plaintiff for summary judgment, denied the cross motion of defendant for summary judgment and declared that defendant is obligated to provide certain health insurance benefits to plaintiff. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In July 1987, defendant City of Lockport (City) hired plaintiff to a position in its Water Department, where plaintiff was represented by the American Federation of State, County and Municipal Employees (AFSCME). In December 2007, the City promoted plaintiff to a supervisory position, where he was represented by the Civil Service Employees Association (CSEA). In 2008, plaintiff left the City's employ and began working for Niagara County. In 2016, plaintiff requested that the City provide him medical benefits based on the relevant collective bargaining agreements (CBAs) between the City and AFSCME and between the City and CSEA. The City refused, and plaintiff commenced this action for breach of contract and judgment declaring that the City is required to provide plaintiff with medical benefits. Plaintiff moved for summary judgment on his complaint, and the City opposed the motion and cross-moved for summary judgment seeking a declaration that it was not required to provide plaintiff with medical benefits. Supreme Court granted plaintiff's motion, denied the City's cross motion, and declared that the City was obligated to provide plaintiff with medical benefits under the AFSCME CBA. The City appeals, and we affirm.
"As a general rule, contractual rights and obligations do not survive beyond the termination of a collective bargaining agreement . . . However, [r]ights which accrued or vested under the agreement will, as a general rule, survive termination of the agreement' . . . , and we must look to well established principles of contract interpretation to determine whether the parties intended that the contract give rise to a vested right. [A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms' " (Kolbe v Tibbetts, 22 NY3d 344, 353 [2013]). "Whether a contract is ambiguous is a question of law and extrinsic evidence may not be considered unless the document itself is ambiguous" (South Rd. Assoc., LLC v International Bus. Machs. Corp., 4 NY3d 272, 278 [2005]). Where, however, contract language "is reasonably susceptible of more than one interpretation,' . . . extrinsic or parol evidence may be then permitted to determine the parties' intent as to the meaning of that language" (Fernandez v Price, 63 AD3d 672, 675 [2d Dept 2009], quoting Chimart Assoc. v Paul, 66 NY2d 570, 572-573 [1986]).
Contrary to the City's contention, we conclude that the court properly determined that the plain meaning of the provisions at issue in the AFSCME CBA establishes that plaintiff has a [*2]vested right to medical benefits, those rights vested when he completed his 20th year of service, and plaintiff became eligible to receive said benefits when he reached retirement age (see Kolbe, 22 NY3d at 353; Guerrucci v School Dist. of City of Niagara Falls, 126 AD3d 1498, 1499-1500 [4th Dept 2015], lv dismissed 25 NY3d 1194 [2015]). Plaintiff's right to medical benefits vested when he satisfied the criteria in the AFSCME CBA, and there is no language in the AFSCME CBA indicating that employees would forfeit or surrender their vested rights if they transferred jobs or unions prior to reaching retirement age. We thus conclude that the court's interpretation of the AFSCME CBA " give[s] fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized . . . [and does] not . . . leave one of its provisions substantially without force or
effect' " (Guerrucci, 126 AD3d at 1500). We have considered the City's remaining contentions and conclude that they are without merit.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court